## L. M. Bridgers *v*. The State.

1. Embezzlement. — Indictment for embezzlement, based on art. 771 *a* of the former Penal Code, described the defendant as "*the* commission-merchant" of one K., and charged that he did "embezzle, fraudulently misapply, and convert to his own use" certain chattels; to which it is objected that the defendant should have been described as "*a* commission-merchant," and that the embezzlement as well as the misapplication and conversion should have been characterized as fraudulent, and the fraudulent intent have been directly averred. But *held*, that the first objection is hypercriti-cal, and that the others are untenable inasmuch as the indictment follows the language of the statute, and because the terms employed import a fraudulent intent *ex vi termini*.

2. Same — Charge of the Court. — The statutory terms "embezzle, fraud-ulently misapply, or convert to his own use" are employed in their ordinary signification, and not in any technical sense requiring elucidation in the charge to the jury.

3. Evidence. — On the trial of a commission-merchant for embezzlement, the State's evidence made a *primâ facie* case for ·conviction. *Held*, that if the defendant claimed that he had in good faith sold the wares on a credit the proof of that fact was upon him.

APPEAL from the District Court of Parker. Tried below before the Hon. A. J. HOOD.

The appellant, it was alleged in the indictment, was the commission-merchant of one K. J. Kirlen, and in that capacity received from Kirlen, in 1878, a consignment of a number of barrels and kegs, worth $111, with instructions to sell them for cash. The grounds of objection urged against the indictment are sufficiently indicated in the opinion and the head-notes. The jury found the defendant guilty, and assessed his punishment at two years in the penitentiary.

*L. M. Bridgers*, in proper person.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. Tested by the plain and simple rules prescribed by our Code of Criminal Procedure, as well as the general principles of criminal pleading, the indictment in this case appears to us as sufficient, and not obnoxious to just criticism. The statute upon which the prosecution is based (Pasc. Dig., art. 2422) differs in some respects from the preceding article as amended in 1876, which denounces the offence of embezzlement by agents, clerks, attorneys, etc., and provides that "If any factor or commission-merchant shall embezzle, or fraudulently misapply, or convert to his own use, any money, goods, produce, commodity, or other property, which shall have come into his possession or shall be under his care by virtue of his office, agency, or employment, he shall be punished," etc. The preceding article requires the embezzlement, misapplication, or conversion to be "without the consent of his principal or employer," which is omitted in the statute under consideration, and which would seem to dispense with the necessity of its averment in the indictment as a constituent element of the

offence, although it is so averred in the indictment at bar. Complaint that the appellant is described in the indictment as *the* commission-merchant of the injured party, rather than as *a* commission-merchant, is more hypercritical than substantial; and it was not necessary to allege a fraudulent intent, as that is implied *ex vi termini* by the terms employed in the indictment, and is not made an express constituent of the offence by statute, except as averred in the indictment.

If it was incumbent upon the court to instruct the jury as to the signification of the term "embezzlement," the law was fully complied with by the instruction given in charge, that if the defendant, after receipt of the property in the capacity as alleged, "did fraudulently misapply and convert to his own use said goods and property, then it will be your duty to convict." This was about as good a definition as the authorities afford. *Leonard* v. *The State*, 7 Texas Ct. App. 417. The terms "shall embezzle, fraudulently misapply, or convert to his own use," as employed in the statute, possess no technical or artificial signification which necessitates explanation by courts to juries in trials for violations of the statute, but are used as ordinary expressions, with a well-defined and well-understood meaning, capable of perfect comprehension by the average juror. Their meaning is simply what the terms ordinarily and commonly import, and further explanation would be as unnecessary as it would be in cases of theft to further define fraudulent taking.

The verdict is responsive to the indictment, and is fully supported by the evidence. If the property consigned to appellant's care had not in fact been fraudulently misapplied and converted to his own use, but, on the contrary, had been sold and disposed of in due course of trade by him, even on a credit, and not for cash as directed, it was a very easy and simple task for appellant to have shown that fact in evidence, and thus to have rebutted the *primâ facie* case of

guilt established by the prosecution.    In the absence of such showing, this court as well as the court below may well assume the impracticability of establishing such exculpatory facts, by reason of their non-existence.

The judgment is affirmed.

*Affirmed.*